**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 3, 2012

No. 11-50973
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERNESTO GOMEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:11-CR-38-1

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Ernesto Gomez appeals from his sentence following his guilty plea conviction of possession with intent to distribute a quantity of cocaine within 1000 feet of a playground. Gomez argues that the district court erred by finding that his receipt and distribution of 24 ounces (680.4 grams) of cocaine prior to his offense of conviction constituted relevant conduct for sentencing purposes.

In determining a defendant's base offense level under U.S.S.G. § 2D1.1, a district court may consider as part of the defendant's relevant conduct any

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

quantities of drugs that were part of the same course of conduct or common scheme or plan as the offense of conviction. *United States v. Wall*, 180 F.3d 641, 644 (5th Cir. 1999); *see* U.S.S.G. § 1B1.3(a)(2); § 2D1.1 comment. (n.12). In drug distribution cases, this court has "broadly defined what constitutes the same course of conduct or common scheme or plan." *United States v. Rhine*, 583 F.3d 878, 885 (5th Cir. 2009) (internal quotation marks and citation omitted). The finding of the amount of drugs attributable to a defendant is made under the preponderance of the evidence standard. *United States v. Betancourt*, 422 F.3d 240, 247 (5th Cir. 2005). A district court's determination of the amount of drugs for which a defendant should be held responsible is a factual finding reviewed for clear error. *United States v. Posada-Rios*, 158 F.3d 832, 878 (5th Cir. 1998).

Contrary to Gomez's contention, the testimony of Sergeant Mitch Russell of the Midland, Texas Police Department and the Drug Enforcement Administration, which was credited by the district court and the veracity of which Gomez does not challenge on appeal, was sufficient to establish that Gomez's prior receipt and distribution of the 24 ounces of cocaine at issue was part of the same course of conduct or common scheme or plan as the offense of conviction. *See Rhine*, 583 F.3d at 885-91; *United States v. Bethley*, 973 F.2d 396, 401 (5th Cir. 1992).

Moreover, Gomez ignores that the district court's relevant conduct finding was also supported by the presentence report, which the district court was permitted to rely on at sentencing and which Gomez bore the burden of demonstrating was inaccurate. *See United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009). The only rebuttal evidence offered by Gomez in support of his objection was his own testimony, which the district court did find was not credible; Gomez does not challenge that credibility determination here. In short, even if Gomez preserved his current arguments by raising them sufficiently in the district court, he fails to show clear error. *See Posada-Rios*, 158 F.3d at 878.

AFFIRMED.